Teresa PAWLUCZYK

v.

GLOBAL UPHOLSTERY CO., LTD., et al.

v.

QUADRANT INDUSTRIES, LTD., et al.

Civ. A. No. 93–6479.

United States District Court,
E.D. Pennsylvania,
Civil Division.

May 27, 1994.

Daniel J. McCarthy, Philadelphia, PA, for plaintiff.

Donald M. Davis, Philadelphia, PA, for Global Upholstery Co., Ltd.

Joseph F. Lombardo, Philadelphia, PA, for Philadelphia Stationers.

Jay Barry Harris, Philadelphia, PA, for Quadrant Industries, Ltd.

## *MEMORANDUM*

BARTLE, District Judge.

Plaintiff, Teresa Pawluczyk ("Pawluczyk"), brought this negligence and product liability action against defendant Global Upholstery Co., Ltd. ("Global") and other defendants as a result of the collapse of a chair upon which she was sitting. Defendant Global, the upholsterer of the chair, filed a third-party complaint against Quadrant Industries, Ltd. ("Quadrant"), the manufacturer of the chair frame. Before the court is the motion of third-party defendant Quadrant to dismiss for lack of personal jurisdiction.[1]

Jurisdiction in this action is based solely on diversity of citizenship. Plaintiff is a citizen of New Jersey. Both defendant Global and third-party defendant Quadrant are Canadian corporations with their principal places of business in Canada. Plaintiff's accident occurred at her place of employment in Philadelphia, Pennsylvania. Plaintiff has not asserted a claim against Quadrant.

The affidavit of Quadrant's vice president, Chuck Engel, states that Quadrant has never transacted any business or advertised in Pennsylvania and has no agent or telephone listing here. It is not registered to do business in the Commonwealth. Since June of 1991, Quadrant has sold to Global its entire output of chair frames, which are manufactured to Global's specifications. Quadrant delivers its product to Global in Canada.

---

1. Global's response requests that this court postpone its decision on this motion "until Global has had an adequate opportunity to take the necessary discovery to fully and adequately respond." Quadrant filed its motion on April 4, 1994. This court informed counsel for both Global and Quadrant that any further information should be submitted by May 20, 1994. Neither party has submitted any additional briefing or documentation or moved for an extension of the discovery period, which terminates in less than a week.

Saul Feldberg, the president of both Quadrant and Global, owns approximately 75% of Quadrant and is the only individual employed by both companies.

 Neither state nor federal courts may assert personal jurisdiction over a nonresident defendant such as Quadrant unless the forum state's long-arm statute authorizes jurisdiction and jurisdiction is consistent with the due process clause of the Constitution. *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 489–90 (3d Cir.1985). Pennsylvania's long-arm statute reaches to the maximum extent permitted under the United States Constitution. 42 Pa.Cons.Stat.Ann. § 5322. Accordingly, the court must determine whether the exercise of jurisdiction over Quadrant comports with the requirements of due process. *Van Buskirk*, 760 F.2d at 489–90.

Once a defendant raises a challenge to personal jurisdiction, "the plaintiff bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." *Mellon Bank (East) PSFS v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir.1993) (citations omitted). The uncontroverted evidence establishes that Quadrant did no business or advertising in Pennsylvania. Therefore, Global cannot assert that Quadrant had the "continuous and substantial affiliation with the forum necessary for general jurisdiction." *Id.*

 Specific jurisdiction only exists where a defendant "should reasonably anticipate being haled into court" because of its contacts with the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). A defendant must have " 'purposely avail[ed] itself' of the privilege of conducting activities within the forum" to establish the minimum contacts necessary to support specific jurisdiction. *DiVeronica*, 983 F.2d at

554, quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

Global contends that

Quadrant ... should have reasonably foreseen that the product it manufactured would be placed in the national chain of commerce, of which Pennsylvania is a part. As a partially owned subsidiary of Global, Quadrant would have had direct knowledge that its products were being sold by Global to [sic] the United States, and, more specifically, to [sic] the Commonwealth of Pennsylvania.

There is no evidence of record, however, that Global sells in Pennsylvania chairs made with Quadrant's frames, that Quadrant is a partially owned subsidiary of Global, or that Quadrant attempts "to serve directly or indirectly, the market for its products" in Pennsylvania through Global. *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567.[2] Moreover, Global has not demonstrated that the chair's presence in Pennsylvania was more than "an isolated occurrence" resulting from the "unilateral activity of those who claim some relationship with a nonresident defendant." *Id.* at 297–98, 100 S.Ct. at 567, quoting *Hanson*, 357 U.S. at 253, 78 S.Ct. at 1239. The mere foreseeability that a product placed in the stream of commerce in Canada might enter Pennsylvania is not sufficient. *World–Wide Volkswagen*, 444 U.S. at 296–97, 100 S.Ct. at 566–67, *Max Daetwyler Corp.*, 762 F.2d at 298–300. In sum, Global has not proven the minimum contacts necessary to support personal jurisdiction over Quadrant in Pennsylvania.

Even if Quadrant could be found to have the requisite minimum contacts with the Commonwealth, this court must consider whether permitting suit against Quadrant comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citation omitted). Once a plaintiff has established "a

2. Global appears to argue that the sale of chairs made using Quadrant's frames anywhere in the United States is sufficient to establish personal jurisdiction over Quadrant in Pennsylvania. This argument was foreclosed by the decision of the Court of Appeals for the Third Circuit in *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290 (3d Cir.1985), *cert. denied*, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985).

prima facie case of minimum contacts," the foreign defendant has the burden of proving that the exercise of jurisdiction is nevertheless unreasonable. *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 483 (3d Cir.1993). The Supreme Court confronted this issue in *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 112–13, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987), a case with a fact pattern quite similar to the matter presented here.

In *Asahi*, a plaintiff filed a product liability suit in a California state court against, among others, the Taiwanese company which manufactured the motorcycle tire at issue in the case. The Taiwanese manufacturer filed a cross-complaint for indemnification against Asahi, the Japanese manufacturer of one of the tire's component parts. Asahi had made no direct sales in California and maintained no offices, property or agents in the state. The California Supreme Court nevertheless found the assertion of personal jurisdiction over Asahi to be consistent with due process. The United States Supreme Court reversed, holding that:

> [c]onsidering the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum State, the exercise of personal jurisdiction by a California court over Asahi would be unreasonable and unfair.

*Asahi*, 480 U.S. at 116, 107 S.Ct. at 1034.

As in *Asahi*, the two parties involved here in the dispute over personal jurisdiction are both foreign companies. The inconvenience faced by Quadrant in traveling between Ontario and Philadelphia is surely less than that faced by Asahi in traveling between Japan and California. However, in its analysis, this court must be mindful of the "unique burdens placed upon one who must defend oneself in a foreign legal system" and the "substantive policies of other *nations* whose interests are affected by the assertion of jurisdiction." *Asahi*, 480 U.S. at 114–15, 107 S.Ct. at 1034 (emphasis in original).

■ The interests of the plaintiff and of Pennsylvania, the forum, in the assertion of jurisdiction over Quadrant, the foreign third-party defendant, are slight. The plaintiff, a citizen of New Jersey, has no claim against Quadrant. The third-party plaintiff, Global, is incorporated and maintains its principal place of business in Canada, not Pennsylvania. The Commonwealth has little interest in resolving a contribution or indemnification dispute between two Canadian companies where both the sale and shipment between the companies took place in Canada. Indeed, as in *Asahi*, it is not apparent that the forum's law would even apply to the resolution of the issues between these two parties. *Id.* at 115, 107 S.Ct. at 1033–34. Assertion of personal jurisdiction over Quadrant in this situation would thus be "unreasonable and unfair." *Id.* at 116, 107 S.Ct. at 1034. Accordingly, personal jurisdiction over Quadrant is lacking.