**Andrew G. CAIRNS, Appellant,**

v.

**Jackie CAIRNS, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1999.
Filed Nov. 19, 1999.

Nancy M. Cohen, Philadelphia, for appellant.

Daniel J. Clifford, III, Norristown, for appellee. (Submitted).

Before POPOVICH, JOYCE and TAMILIA, JJ.:

TAMILIA, J.:

¶ 1 Andrew G. Cairns, father, appeals the March 25, 1999 Order denying his petition to transfer venue of a child support Order entered by the Circuit Court of the State of Oregon for the County of Washington (the Oregon Court) to Pennsylvania's Court of Common Pleas of Philadelphia County. Pursuant to the Uniform Interstate Family Support Act (UIFSA), 23 Pa.C.S.A. §§ 7101–7901, the motion was denied. On appeal, appellant raises the following challenge for our review.

> Did the trial court err when it ruled that UIFSA as applied to the facts of this case did not work as an unconstitutional denial of appellant's due process rights?

(Appellant's Brief at 5.)

¶ 2 The parties married and resided in Philadelphia County, Pennsylvania. One child, J.N.C., was born of the marriage on December 5, 1991. In April 1994, mother took child to Oregon and, thereafter, communicated to father that she would not be

returning. In Oregon, mother filed a divorce complaint that included a count for child support.[1]

¶ 3 The record indicates father was personally served with the complaint while in Oregon and that he filed preliminary objections to Oregon's personal jurisdiction over him.[2] The Oregon Court found it had *proper personal jurisdiction over the parties* as well as jurisdiction over the issue of child support pursuant to the UIFSA. The record further indicates that father may have filed a motion to transfer venue in Oregon, however, neither a motion to that effect nor any order of disposition are a part of the certified record, as compiled for this Court's review. It is clear that father participated in the March 29, 1996 Oregon hearing through counsel and via telephone testimony.

¶ 4 On September 9, 1996, the Oregon Court issued a child support Order (the Order) directing father to pay $760 per month. Neither party filed an appeal from the Order. Thereafter, father filed a motion to modify support and a motion to quash contempt proceedings pending against him. On October 3, 1997, the Oregon court granted these motions. The same day, father filed a petition to transfer venue to Pennsylvania arguing, *inter alia,* that he could not afford to attend hearings or prosecute his case in Oregon. See Father's Petition to Transfer Venue and for Protective Order, at paragraph # 12.

¶ 5 Arguing that "[w]hile Oregon *may* have had jurisdiction over [father] initially, it should *not* have continuing jurisdiction for *ad infinitum,*" father avers "[i]t is

grossly unfair and improper that Oregon retain jurisdiction and/or venue over [him]" *Id.,* at paragraphs 19 and 21.

¶ 6 Upon careful and exhaustive review of the record, we find father's primary challenge is the constitutionality of Oregon's application of the provisions of the UIFSA which permit Oregon to exercise personal jurisdiction over him in order to establish a child support order. In pertinent part, Oregon's UIFSA provides:

> In a proceeding to establish, enforce or modify a support order or to determine parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
>
> (1) The individual is personally served with notice within this State.

11 ORS § 110.318, **When tribunal may exercise personal jurisdiction over nonresident.** *Compare* 23 Pa.C.S.A. § 7201, **Bases for jurisdiction over nonresident,** which contains virtually identical language.

¶ 7 "The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting the rights or interests of nonresident defendants." *Kulko v. Superior Court of California,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132, 140 (1978). "The existence of personal jurisdiction ... depends upon the presence of reasonable notice to the defendant that an action has been brought and a sufficient connection be-

---

1. The Circuit Court of the State of Oregon for the County of Washington determined that, in this case, it has jurisdiction over matters of divorce, child support and attorney's fees and costs, but not matters of personal property distribution, child custody and visitation. On August 12, 1994, father filed a petition for custody in Pennsylvania. By Order dated June 21, 1995, Pennsylvania's Court of Common Pleas of Philadelphia County issued an Order awarding primary physical custody to mother and partial physical custody to father. Mother's subsequent motion to transfer venue of custody matters from Pennsylvania to Oregon was denied by Pennsylvania's Court of

Common Pleas of Philadelphia County on March 3, 1997.

2. While father makes the statement that he went to Oregon solely "to pick up his daughter for partial custody," it appears as if father was acting on his own and not pursuant to a Pennsylvania Custody Order requiring him to be present in Oregon. See Father's Petition to Transfer Venue and for Protective Order, at paragraph # 8.

Moreover, the record does not include copies of any pleadings or briefs father allegedly filed in Oregon challenging the state's personal jurisdiction. *Id.,* at paragraph # 19.

tween the defendant and the forum State to make it fair to require defense of the action in the forum." *Id.* (citations omitted).

¶ 8 Father argues he was "set up". He contends he was present in Oregon solely for the purpose of picking up his young child and that he went to Oregon only because mother claimed to be unable to travel with the child to Pennsylvania. Father claims to have been served with the divorce and child support complaint when he arrived in the Oregon airport.

¶ 9 While it appears that father raised timely jurisdictional challenges, father does not argue, nor is there any evidence of record to suggest, that he has been denied the ability to seek review of Oregon's Circuit Court decision that it had personal jurisdiction over him. While it is clear that certain documents relative to this case are not a part of the certified record, we find no reference to or any suggestion of father having sought review by an Oregon appellate court.

¶ 10 In *Sherrer v. Sherrer*, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948), the United States Supreme Court held that where a nonresident in a marital dissolution case was "afforded his day in court with respect to every issue involved in the litigation, including the jurisdictional issue" and has not sought the appropriate review, "there is nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate the existence of jurisdictional facts." *Id.* 334 U.S. at 348, 68 S.Ct. 1087. In *Sherrer*, the parties resided in Massachusetts as husband and wife. Wife left and went to Florida, where she filed for divorce. Husband retained an attorney, entered a general appearance, appeared personally before the Florida Court and participated in the proceedings.

¶ 11 In the present case, however, there is no evidence that father entered a general appearance and it appears as if father's participation in the Oregon proceedings was only via telephone and through his attorney.[3] Nevertheless, it is clear that father filed subsequent motions regarding the Order and there is no evidence he preserved a personal jurisdiction challenge. Moreover, to the extent father seeks to challenge the constitutionality of the Oregon statute that enabled Oregon to exercise personal jurisdiction over him, the appropriate manner in which to challenge the validity of the statute was by direct appeal to the Oregon Court of Appeals. As previously stated, there is no evidence of record that such an appeal was taken. Even if a direct appeal had been taken, any issue regarding the constitutionality of the Oregon statute would be waived unless preserved at the trial court level.

¶ 12 In *Kulko, supra,* Kulko, a resident of New York, entered a special appearance in California and filed a motion to quash. He argued California lacked sufficient minimum contacts with him to warrant its exercise of personal jurisdiction over him in the parties' child support case. The motion was denied and Kulko filed an appeal to the California Court of Appeals, which affirmed the denial of his motion. Next, Kulko sought review by the California Supreme Court. Once again the decision that California had personal jurisdiction over Kulko was affirmed. The United States Supreme Court, however, examined the rationale of the California Supreme Court and found no basis for California's exercise of personal jurisdiction over Kulko.[4]

---

**3.** Upon review of mother's supplemental reproduced record, we find that during the March 29, 1996 hearing, counsel for mother argued to the Oregon Court that father entered a general appearance in Oregon. Upon review of the record, however, we find no evidence that father entered a general appearance.

**4.** "Like any standard that requires a determination of 'reasonableness,' the 'minimum contacts' test of [*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.

¶ 13 Based upon our review of the procedural history of this case as represented in the certified record, we find father's challenge to have been improperly raised in the Commonwealth of Pennsylvania. Father is precluded from collaterally attacking the issues of personal jurisdiction and the constitutionality of the Oregon statute in Pennsylvania and, therefore, the denial of his petition to transfer venue was appropriate.

¶ 14 Order affirmed.

95 (1945)] is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." *Kulko v. Superior Court of California,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132, 141 (1978).