**Robert J. BARR, Appellant,**

v.

**Linda S. BARR, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1999.
Filed April 3, 2000.

Harry W. Fenton, Lebanon, for appellant.

Joseph M. Hill, Jr., Lebanon, for appellee.

Before KELLY, HUDOCK and HESTER, JJ.

KELLY, J.:

¶ 1 In this appeal, Appellant, Robert J. Barr ("Father"), asks us to determine whether he can invoke 23 Pa.C.S.A. § 7501.5 to contest in a Pennsylvania court an out-of-state, non-registered child support order that has been enforced against him through garnishment of his wages by his employer. Father appeals from the order entered February 1, 1999, in the Lebanon County Court of Common Pleas, which sustained the preliminary objections of Appellee, Linda S. Barr ("Mother"), and dismissed Father's petition to discontinue enforcement of a support order. We hold that Mother has insufficient minimum contacts with Pennsylvania. Accordingly, the trial court properly sustained her preliminary objections and dismissed Father's petition for want of personal jurisdiction over Mother and properly declined to exercise subject matter jurisdiction over the support order. Accordingly, we affirm.

¶ 2 The relevant facts and procedural background of this case have been set forth in the trial court opinion as follows:

In 1988, [Father and Mother] married in Lebanon County, and the couple lived in Pennsylvania until 1990 when they decided to move to North Carolina. While living in North Carolina, the couple traveled to Pennsylvania to adopt Kala Nicole Barr, the daughter of [Father's] sister[,] Sharon Rutter. The adoption was finalized in Lancaster County and, afterwards, the couple traveled back to North Carolina with their newly adopted daughter.

Shortly thereafter, the couple separated, and [Father] returned to Lebanon, Pennsylvania while [Mother] relocated with Kala to Alabama. In July of 1997, [Father] received a copy of a divorce Complaint that had been filed in Alabama. He made no appearance within the state of Alabama and chose not to respond to the Complaint. The Circuit Court of Madison County, Alabama entered a divorce Decree and, by an Order dated October 14, 1997, ordered [Father] to pay $853.57 per month in child support. [Father] received a copy of the child support Order at his home in

Pennsylvania shortly after it was entered in Alabama. A copy of said Order was also sent to his employer in Pennsylvania who effected a garnishment of his wages in order to enforce the existing Order.

On August 28, 1998, [Father] filed his Petition to Discontinue Support Order Enforcement and to Establish Support Obligation....

[Appellee] filed Preliminary Objections on October 7, 1998, and her counsel entered a limited appearance to object solely to Pennsylvania's jurisdiction....

(Trial Court Opinion, dated February 1, 1999, at 1–3). The trial court scheduled a hearing on Father's petition for November 20, 1998, but on November 5, 1998, the parties waived oral argument. The court ordered the matter to be submitted on the papers. On February 1, 1999, the trial court issued an order, sustaining Mother's preliminary objections and dismissing Father's petition. On February 10, 1999, Father filed a motion for reconsideration, which the trial court denied the next day. This timely appeal followed.

¶ 3 On appeal, Father presents only one question for our review:

> DOES THE DECISION OF THE TRIAL COURT DENY [FATHER] HIS STATUTORILY CREATED RIGHT TO CONTEST AN UNREGISTERED SUPPORT ORDER FROM ANOTHER STATE, COMMUNICATED DIRECTLY TO HIS EMPLOYER?

(Father's Brief at 4).

■■■ ¶ 4 Our standard of review when faced with an appeal from an order sustaining preliminary objections is well established. "[W]hen preliminary objection, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt." *Milam v. Milam*, 450 Pa.Super. 597, 677 A.2d 1207, 1210 (1996), *appeal denied,* 547 Pa. 729, 689 A.2d 234 (1997) (quoting *Delaware Valley Underwriting v. Williams & Sapp*, 359 Pa.Super.

368, 518 A.2d 1280, 1282 (1986) (citations omitted)). Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it. *Scoggins v. Scoggins*, 382 Pa.Super. 507, 555 A.2d 1314, 1317 (1989). *See also Accu–Weather Inc. v. Thomas Broadcasting Co.*, 425 Pa.Super. 335, 625 A.2d 75, 76 (1993). Only where record evidence does not fairly support the trial court's disposition of preliminary objections challenging personal jurisdiction will the case be remanded for further proceedings. *Lox, Stock and Bagels, Inc. v. Kotten Machine Co. of California, Inc.*, 261 Pa.Super. 84, 395 A.2d 954 (1978).

¶ 5 Father asserts that the trial court erred when it sustained Mother's preliminary objections and declined to exercise jurisdiction over the dispute. Father asserts that Alabama has no jurisdiction over him based upon a minimum-contacts analysis. Further, Father maintains that his ex-wife's unilateral decision to move to Alabama and file for a divorce there does not confer jurisdiction over him in the Alabama courts. Father also claims he did not receive a copy of the divorce complaint and did not know he was divorced when he received notice of the order for child support withholding.

¶ 6 Moreover, Father contends that in dismissing his petition, the trial court ignored his statutory right under 23 Pa. C.S.A. § 7501.5 to contest an unregistered support order issued in another state. Father's argument also suggests that his real issue is with the amount of the child support order, which was calculated on Alabama support guidelines, as it is the child support order that forms the basis for the income withholding order. Father insists that Alabama did not have all of the pertinent information when it formulated its support order. For all of these reasons, Father concludes that his due process rights have been violated and that the trial court erred in sustaining Mother's prelimi-

nary objections to his petition. We disagree.

¶ 7 Section 7205 of Title 23 of the Pennsylvania Consolidated Statutes Annotated provides, in pertinent part:

> (b) **Faith and credit.**—A tribunal of this State shall recognize the continuing exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to a law substantially similar to this part.

23 Pa.C.S.A. § 7205(b). Further, Chapter 75 of Title 23, entitled Direct Enforcement of Order of Another State without Registration, also provides:

> An income-withholding order issued in another state may be sent to the person or entity defined as the obligor's employer under section 4302 (relating to definitions) without first filing a petition or comparable pleading or registering the order with a tribunal of this State.

23 Pa.C.S.A. § 7501. In addition, Section 7501.1 describes an employer's manner of compliance with an income-withholding order from another state as follows:

> (a) **Copy of order.**—Upon receipt of an income-withholding order, the obligor's employer shall immediately provide a copy of the order to the obligor.
>
> (b) **Treatment of order.**—The employer shall treat an income-withholding order issued in another state which appears regular on its face as if it had been issued by a tribunal of this State.
>
> (c) **Withholding and distribution of funds.**—Except as otherwise provided in subsection (d) and section 7501.2 (relating to compliance with multiple income-withholding orders) the employer shall withhold and distribute the funds as directed in the withholding order by complying with terms of the order which specify:
>
> (1) the duration and amount of periodic payments of current child support, stated as a sum certain;
>
> (2) the person or agency designated to receive payments and the address to which the payments are to be forwarded;
>
> (3) medical support, whether in the form of periodic cash payments of a sum certain or order to the obligor to provide health insurance coverage for the child under a policy available through the obligor's employment;
>
> (4) the amount of periodic payments of fees and costs for a support enforcement agency, the issuing tribunal, and the obligee's attorney, stated as sums certain; and
>
> (5) the amount of periodic payments of arrearages and interest on arrearages, stated as sums certain.

23 Pa.C.S.A. § 7501.1(a)-(c). Section 7501.5 provides for the obligor's right to contest the income withholding order, in pertinent part, as follows:

> An obligor may contest the validity or enforcement of an income-withholding order issued in another state and received directly by an employer in this State in the same manner as if the order had been issued by a tribunal of this State. Section 7604 (relating to choice of law) applies to such a contest....

23 Pa.C.S.A. § 7501.5.

¶ 8 In the instant case, Mother filed for divorce in July 1997 in Alabama where she and the parties' minor child have been residing since the parties' separation. Although Father maintains that he did not receive notice of the divorce complaint, it is undisputed that he failed to respond to it. The Alabama court granted Mother a divorce and simultaneously awarded Mother "full care, custody and control" of the parties' minor child, subject to Father's rights to reasonable supervised visitation. (Final Divorce Decree, dated October 14, 1997, paragraph 5).[1] Further, the court

---

1. Father's exercise of his visitation rights was conditioned upon his compliance with the requirement of his attendance and completion of the "Children Cope With Divorce" pro-

ordered that, in compliance with the Alabama Child Support Guidelines, Father must pay Mother the sum of eight hundred, fifty-three dollars and fifty-seven cents ($853.57) per month for the support of their child. (*Id.* at 7). In addition, the court entered a Continuing Child Support Withholding Order, and directed that it be made part of the judgment, and be served upon Father's employer, to take effect immediately. (*Id.* at 8). Although we have no evidence of record when the order was received by Father's employer, we know that sometime later, in August 1998, Father filed his Petition to Discontinue Support Order Enforcement and to Establish Support Obligation, seeking to invoke the jurisdiction of the Pennsylvania court.

¶ 9 In its February 1, 1999 opinion, the trial court expressed its reasoning as follows:

> For a court to exercise *in personam* jurisdiction over a non-resident, two criteria must first be satisfied: (1) the state's long-arm statute must confer jurisdiction; and (2) the exercise of jurisdiction cannot offend the constitutional standards of due process. *Insulations, Inc. v. Journeyman [Journeymen] Welding & Fab*, 700 A.2d 530, 531 (Pa.Super.1997). Pennsylvania's long-arm statute is codified under 42 Pa. C.S.A. § 5322, and it allows our courts to exercise personal jurisdiction to the fullest extent permitted under the Due Process Clause of the United States Constitution. *Pawluczyk v. Global Upholstery Co., Ltd.*, 854 F.Supp. 364 (E.D.Pa.1994). So long as the defendant has sufficient minimum contacts with the forum state such that granting jurisdiction would not offend traditional notions of fair play and substantial justice, constitutional due process is satisfied and the exercise of personal jurisdiction is proper. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95] (1945).

> In the matter at hand, [Mother] neither resides in Pennsylvania nor maintains contacts with the state. It has been nearly a decade since she last resided within our Commonwealth, and, although the adoption of their daughter Kala occurred in Pennsylvania, Kala currently lives with [Mother] in Alabama. It has long been held that "[r]andom, fortuitous or attenuated contacts between the forum and a defendant will not support the exercise of personal jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 [105 S.Ct. 2174, 85 L.Ed.2d 528] (1985). We cannot find sufficient minimum contacts in this matter given our set of facts.

> More importantly, however, we find that we lack subject matter jurisdiction over the dispute. An Alabama court issued the child support Order against [Father], and [Father's] private employer has chosen to enforce that Order via a garnishment of [Father's] wages. [Mother] has never asked a Pennsylvania court to enforce the Alabama Order by proceeding under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). Moreover, our Domestic Relations Department is not handling the garnishment of [Father's] wages. Rather, [Father's] employer has chosen—entirely upon its own volition—to comply with the Alabama Order by garnishing [Father's] wages.

(Trial Court Opinion, dated February 1, 1999, at 3–5) (footnote omitted). In its response to Father's statement of matters complained of on appeal, the trial court elaborated further as follows:

> We believe our interference in this matter, without first being asked to enforce or register the Order, would be an af-

gram offered through the Family Services Center in Madison County, Alabama, or a program of similar nature in his area of residence. (Divorce Decree at paragraph 5). Until such time as Father completed this pro-

gram and a certificate of completion was submitted to the Clerk's Office of the Madison County Circuit Court, he was to have no visitation privileges with the minor child. (*Id.*)

front to the full faith and credit that is to be afforded a sister state's judgment. An Alabama court issued the Order and sent a copy to [Father's] employer who effected a garnishment. No Pennsylvania court has been asked to enforce the Order, no Sheriff served the Order and no Pennsylvania Domestic Relations Department is collecting payment on the Order.

There is simply no Pennsylvania involvement other than the fact that a Pennsylvania company is garnishing [Father's] wages. Until the Order has been registered here, and we are asked to enforce it, the proper place for [Father] to challenge Alabama's decision is in an Alabama court.

(Trial Court Supplemental Opinion, dated March 19, 1999, at 3).[2] We agree with the above-cited reasoning of the trial court. To it, we add the following. Section 7501.5 allows a Pennsylvania obligor to contest a non-registered support order. In a case such as the instant one, where Appellant has not established that the Pennsylvania court has any jurisdiction over either the obligee or the support order, Appellant as obligor must contest the support order in the state that retains jurisdiction over both the order and the obligee. If Father wishes to dispute the authority of the Alabama court to exercise personal jurisdiction over him for purposes of the divorce and support order, then he must bring his challenge in the Alabama courts. *See, e.g., Cairns v. Cairns*, 741 A.2d 800 (Pa.Super.1999) (holding petitioner precluded from using Pennsylvania court to mount collateral attack on Oregon's jurisdiction over him for purposes of support order and affirming trial court's denial of his petition to transfer venue).

¶ 10 Based upon the foregoing, we hold that Mother's contacts with Pennsylvania are insufficient to confer jurisdiction in this matter and that the trial court

properly dismissed Father's petition for want of personal jurisdiction over Mother and affirm the court's decision to decline subject matter jurisdiction over the support order. Accordingly, we affirm the trial court's February 1, 1999 order, sustaining Mother's preliminary objections and dismissing Father's petition.

¶ 11 Order affirmed.

2. We note that effective January 1, 1998, Alabama became a signatory of the Uniform Interstate Family Support Act.