IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herbert E. Brown,                                   :
                                Petitioner          :
                                                    :
                    v.                              :
                                                    :
Laurel Harry, Pennsylvania Secretary                :
of Corrections; Tina Walker, SCI                    :
Fayette Superintendent; Sandra                      :
Calloway, SCI Fayette Inmate                        :
Accounting; and Warren County Ohio                  :
Enforcement,                                        :    No. 547 M.D. 2023
                                Respondents         :    Submitted: December 8, 2025


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: January 7, 2026


              Before this Court are the Preliminary Objections filed by the
Pennsylvania Department of Corrections (DOC) Secretary, Laurel Harry (Harry);
State Correctional Institution at Fayette's (SCI-Fayette) Superintendent, Tina
Walker (Walker); SCI-Fayette's inmate accountant, Sandra Colloway (Colloway);
and Warren County Ohio Enforcement (collectively, Respondents) to the *pro se*
Petition for Review (Petition) filed by Herbert E. Brown (Brown) in this Court's
original jurisdiction.  After thorough review, we sustain the Preliminary Objection
challenging subject matter jurisdiction and dismiss Brown's Petition.

## I. Background[1]

By order, Warren County Ohio Enforcement directed SCI-Fayette to withhold money from Brown's inmate account to satisfy his child support arrearages.[2] *See* Pet. for Review at 2 & 6.[3] The Ohio Department of Job and Family Services advised Brown of his right to request administrative review of his child support order after 36 months of the date of the most recent order, or earlier than 36 months if he provided proof that he met one of the listed criteria. *Id*. at 7. This notice stated, in pertinent part:

> This notice is to advise you of your right to request an Administrative Review of your child support . . . order and, if appropriate, adjust the child support order ***to be consistent with the Ohio Child Support Guidelines*** set forth in Chapter 3119 of the ***Ohio Revised Code***[.]

*Id.* (emphasis added).

In 2023, at least 36 months after his most recent child support order, Brown filed a Request for Administrative Review with Warren County Ohio Enforcement. *See* Request for Admin. Review at 1. In relevant part, he argued under the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV, and Rule 1910.19(f) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1910(f), which permits a court to terminate or modify a child support order when a parent is incarcerated and unable to pay. Pet. for Review at 6. However, on May

---

[1] The following facts are as alleged by Brown in the Petition, which lacks substantial detail.

[2] On August 11, 2016, the Court of Common Pleas in Bucks County sentenced Brown to life in prison. *See* Exhibit at 1.

[3] All record references are to electronic pagination.

16, 2023, the Warren County, Ohio Court Administrative Hearing Officer denied any relief and informed Brown that Ohio is not bound by Pennsylvania law. *Id.*

On November 27, 2023, Brown filed his Petition with this Court in its original jurisdiction. Pet. for Review at 1. Brown argued that Pennsylvania law supports termination of his Ohio child support obligations due to his incarceration and inability to pay. *Id.* (citing Pa.R.Civ.P. 1910.19(f)). He further asserted that SCI-Fayette's deduction of both his child support arrears and interception of his COVID-19 stimulus checks deprived him of his property without due process of law. *Id*. at 6. On April 1, 2025, Respondents filed Preliminary Objections with this Court. *See* Preliminary Objections at 8.


## II. Issues

Before this Court, Brown argues that he "is entitled to termination of the child support arrears deduction obligation and remittitur of the arrears already paid" due to his incarceration and indigent status. Pet. for Review at 1; *see also* Pa.R.Civ.P. 1910.19(f). Specifically, Brown avers that reimbursement is justified because he was unable to pay the arrears previously due to a "pre-incarceration event . . . beyond his capacity to control" that prevented him from "having his day in court." *Id*. at 2. As a result, Brown requests termination of his child support obligation, as well as injunctive relief to prevent further deductions from his inmate account. *Id.* He further maintains that he is entitled to a reimbursement of all money paid to Warren County Ohio Enforcement, including the COVID-19 stimulus checks that were intercepted to pay for his child support arrears. *Id*.

In their Preliminary Objections, Respondents first argue that Brown has failed to establish a clear right to injunctive relief to prevent the DOC from

complying with the Ohio child support order. Preliminary Objections at 3. Secondly, Respondents assert that Brown failed to plead facts that would allow this Court to modify or terminate his child support order. Lastly, Respondents argue that the Respondents are not proper parties for a child support modification order and that such a matter is outside this Court's original jurisdiction. *Id*. at 7. As such, Respondents maintain that Brown's Petition should be dismissed. *See id.* at 1. Because the jurisdictional issue is dispositive, we address it first.

### III. Discussion

Pennsylvania law is well settled that

[when] ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint.

*Beaver v. Wetzel* (Pa. Cmwlth., No. 674 M.D. 2018, filed December 6, 2019) (slip op. at 3) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)).[4] When deciding preliminary objections, Pennsylvania courts have determined that a "[c]ourt's analysis is limited to the [petition for review] and any attachments thereto." *Id*. at 4; *see also Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014) (stating that courts reviewing preliminary objections may also consider any documents or exhibits attached to the complaint).

Respondents argue that this Court lacks original jurisdiction over the issue of terminating Brown's Ohio child support order. Pursuant to the Judicial Code, 42 Pa.C.S. §§ 101-9914, "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings[] [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity . . . ." 42 Pa.C.S. § 761(a)(1). An action is construed as "[a]gainst the Commonwealth government" where the petitioner seeks "judicial relief of any kind against the [Commonwealth]." *In re Petition for Enf't of Subpoenas Issued by Hearing Exam'r in a Proceeding Before the Bd. of Med. (Appeal of M.R.)*, 214 A.3d 660, 664 (Pa. 2019). Pennsylvania case law has further established that this Court can exercise original jurisdiction pursuant to Section 761(a)(1) only if the Commonwealth is "an indispensable party to the action." *See id.* at 665. If not, the matter generally falls within the general jurisdiction of the courts of common pleas. *See* 42 Pa.C.S. § 931(a) ("Except where exclusive original jurisdiction . . . [is] vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings[.]").

---

[4] Under Rule 414(a) of the Commonwealth Court's Internal Operating Procedure, unreported decisions of the Commonwealth Court issued after January 15, 2008, may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

Here, it is undisputed that Respondents—with the exception of Warren County Ohio Enforcement—are Commonwealth government actors. *See* 42 Pa.C.S. § 102 ("[The Commonwealth government] include[s] . . . the departments, boards, commissions, authorities and officers and agencies of the Commonwealth[.]"). However, the Commonwealth is not an indispensable party because Brown is not seeking judicial relief against the Commonwealth; he is instead requesting that this Court extinguish his support obligations to the obligee in Ohio. As such, this issue falls outside the original jurisdiction of this Court.

Section 5103(a) of the Judicial Code provides that "[a] matter which is within the exclusive jurisdiction of a court . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court." 42 Pa.C.S. § 5103(a). However, when an indispensable party is not joined, the court must either transfer the matter to a court with jurisdiction or order joinder of the indispensable party. Pa.R.Civ.P. 1032(b). "A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Sprague v. Casey*, 550 A.2d 184, 189 (Pa. 1988) (citing *Tigue v. Basalyga*, 304 A.2d 119 (Pa. 1973)). If joining an indispensable party is impossible, the court must dismiss the action. Pa.R.Civ.P. 1032(b).

An obligee's rights are directly connected to child support termination actions because they are the recipient of the support as the custodial parent. In *Barr v. Barr*, 749 A.2d 992, 997 (Pa. Super. 2000),[5] the Pennsylvania Superior Court determined that an obligor could not contest the validity of a non-registered, out-of-

---

[5] While not binding on this Court, decisions of the Superior Court may be cited as persuasive where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

state income withholding order in Pennsylvania if Pennsylvania courts did not have "jurisdiction over either the obligee or the support order." Here, Pennsylvania does not have jurisdiction over the support order; the DOC is merely garnishing Brown's wages to pay Warren County, Ohio. Pet. for Review at 2; *see also Barr*, 749 A.2d at 996 (stating that garnishment of wages by an employer to be paid to another state does not create jurisdiction over the order). Further, Brown neglected to join the Ohio obligee and failed to plead any facts that would suggest that the Ohio resident has any minimum contacts with Pennsylvania. As such, joinder of an indispensable party is impossible because Pennsylvania cannot exercise personal jurisdiction over the obligee. Therefore, the action cannot be transferred and must be dismissed.

Because we lack subject matter jurisdiction over Brown's claim, we do not address the other preliminary objections or Brown's opposition thereto.

## IV. Conclusion

Based on the foregoing discussion, Respondents' Preliminary Objections are sustained in part and Brown's Petition is dismissed.

_____
CHRISTINE FIZZANO CANNON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herbert E. Brown, :
              Petitioner :
   :
           v. :
   :
Laurel Harry, Pennsylvania Secretary :
of Corrections; Tina Walker, SCI :
Fayette Superintendent; Sandra :
Calloway, SCI Fayette Inmate :
Accounting; and Warren County Ohio :
Enforcement, : No. 547 M.D. 2023
          Respondents :

# **O R D E R**

AND NOW, this 7th day of January, 2026, the Preliminary Objections filed by the Pennsylvania Department of Corrections Secretary, Laurel Harry; State Correctional Institution at Fayette's (SCI-Fayette) Superintendent, Tina Walker; SCI-Fayette's inmate accountant, Sandra Calloway; and Warren County Ohio Enforcement to Herbert E. Brown's (Brown) Petition for Review are SUSTAINED in part, and Brown's Petition for Review is DISMISSED.

                              _____
                              CHRISTINE FIZZANO CANNON, Judge